UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-286(DSD/SRN)

Ikon Office Solutions, Inc.,

Plaintiff,

v. **ORDER**

Robert J. Dale, William J. Dale,
Terry R. Nissen, and
Computer Business Solutions, Inc.

Defendants.

Jeremy D. Sosna, Littler Mendelson, 33 Sixth Street South, Suite 3110, Minneapolis, MN 55402-3720 and Lawrence H. Pockers, Duane Morris & Heckscher, One Liberty Place, Philadelphia, PA 19103, counsel for Plaintiffs.

Jeffrey P. Anderson and John Fabian, Nichols Kaster & Anderson, 80 South Eighth Street #4644, Minneapolis, MN 55402-2242, counsel for Defendants.

This matter is before the court on the motion of plaintiff for a temporary restraining order. Based on a review of the file, record, and proceedings herein, the court denies plaintiff's motion for a temporary restraining order.

Plaintiff IKON Office Solutions, Inc. ("IKON") brings this motion seeking a temporary restraining order to prevent defendants from violating the terms of several agreements that purportedly obligate defendants to refrain from competing with plaintiff. Plaintiff also seeks an order immediately enjoining defendants from using it's purportedly confidential proprietary information that



FILED 2-22-01
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

plaintiff contends constitutes trade secrets and to desist in allegedly interfering with IKON's actual and prospective business relations and from engaging in unfair competition. In particular, plaintiff seeks an injunction ordering defendants to immediately cease from soliciting IKON's customers and employees. Plaintiff further alleges that since no adequate remedy is available at law, injunctive relief is warranted.

In evaluating a motion for a temporary restraining order, the court considers the four factors outlined by the Eighth Circuit in Dataphase Systems, Inc. v. CL Systems, Inc.: (1) the likelihood of the movant's success on the merits; (2) the threat of irreparable harm to the movant in the absence of relief; (3) the balance between that harm and the harm that the relief would cause to the other litigants; and (4) the public interest. 640 F.2d 109, 112-114 (8th Cir. 1981) (en banc) (preliminary injunction); Glenwood Bridge, Inc. v. City of Minneapolis, 940 F.2d 367, 368 n.1 (8th Cir. 1991) (temporary restraining order). The court balances the four factors to determine whether a temporary restraining order is warranted. See id. at 113; West Pub. Co. v. Mead Data Cent., Inc., 799 F.2d 1219, 1222 (8th Cir. 1986), cert. denied, 479 U.S. 1070 (1987). The plaintiff bears the burden of proof concerning the four factors. See Gelco Corp. v. Coniston Partners, 811 F.2d 414, 418 (8th Cir. 1987).

The threshold inquiry for the court is whether the movant has shown that the threat of irreparable injury will result without injunctive relief. See id. Plaintiff must definitively establish that irreparable harm will result without injunctive relief and that such harm will not be compensable by money damages. Graham Webb Int'l v. Helen Curtiss, Inc., 17 F. Supp.2d 919, 924 (D. Minn. 1998). Possible or speculative harm is not enough. Id. The absence of such a showing alone is sufficient to deny a preliminary injunction. Gelco, 811 F.2d at 420; Roberts v. Van Buren Public Schools, 731 F.2d 523, 526 (8th Cir. 1984). Here, plaintiff has not made such a showing at this preliminary stage.

The cornerstone of plaintiff's argument is that unless defendants are immediately enjoined from competing against plaintiff and are ordered by this court to return to plaintiff any "confidential data" allegedly in plaintiff's possession, plaintiff will be irreparably harmed. Plaintiff alleges that each of the defendants in this action not only have entered into non-compete covenants with plaintiff but are also bound by trade secret and other common law obligations to the plaintiff that defendants have intentionally breached. Plaintiff argues that the damage flowing from the alleged harm of this breach is incalculable, and thus no adequate remedy is available at law.

The court is not persuaded by plaintiff's argument. At this preliminary stage, the court concludes that any alleged damage

appears to be economic in nature and is therefore fully redressable by the award of money damages in an action at law.

Moreover, even if the court were to accept plaintiff's argument that defendants' failure to abide by the purported noncompete and confidential proprietary contractual obligations could somehow constitute irreparable harm, plaintiff has failed to establish that such harm is in fact presently occurring and will continue to occur absent immediate injunctive relief. Based upon the limited record and papers before the court, a significant part of plaintiff's alleged harm appears to be highly speculative at this stage. Speculative economic damage is a problem of proof in an action at law. It is not the basis for an action in equity. See Public Serv. Co. of N.H. v. Town of West Newbury, 835 F.2d 380, 383 (1st Cir. 1987) ("Speculative injury does not constitute a showing of irreparable harm.").

As this court has stated, "'[i]njunctions will not be issued merely to allay the fears and apprehensions or to soothe the anxieties of the parties.'" IBM Corp. v. Seagate Technology, Inc., 941 F. Supp. 98, 100 (D. Minn. 1992) (quoting E.R. Squibb & Sons, Inc. v. Hollister, C.A. No. 91-203, 1991 WL 15296 (D.N.J. 1991)). Accordingly, the court concludes that plaintiff, at this preliminary stage in the litigation, has failed to meet its burden of showing irreparable harm sufficient to warrant the issuance of a temporary restraining order.

While the failure of plaintiff to meet its burden in showing irreparable harm alone is sufficient to deny an injunction at this preliminary stage, the court will briefly address the other Dataphase factors. Gelco, 811 F.2d at 420; Roberts v. Van Buren Public Schools, 731 F.2d 523, 526 (8th Cir. 1984). According to Dataphase, before this court can issue injunctive relief, the movant bears the burden of demonstrating the likelihood of success on the merits. Dataphase,640 F.2d at 112-114 In its motion papers, plaintiff primarily focuses on two claims against defendants, the alleged breach of the noncompete agreements and the alleged misappropriation of trade secrets. Given the expedited nature of this action and the pending discovery pursuant to this court's order of February 22, 2001, defendants have not yet been afforded the opportunity to adequately brief their response to these legal claims, therefore the court is unwilling to make a determination of the likelihood of plaintiff's success until defendants' have had a fair opportunity to be heard on the underlying merits of these claims.

Dataphase also requires that the balance of harm must decidedly tip toward the movant. General Mills, Inc. v. Kellogg Co., 824 F.2d at 624. Here, at this preliminary stage, the court is similarly unwilling to conclude that the balance of harm favors plaintiff. Furthermore, since plaintiff's damages appear speculative and redressable at law, the court is initially

unpersuaded that plaintiff's have met their burden on this factor sufficient to warrant injunctive relief. See Dataphase, 640 F.2d at 112-114. Moreover, if the court were to grant plaintiff's motion at this stage, and in light of the apparent remedy at law, defendants would be more likely to incur the greater harm since an injunction would force them to incur significant restrictions of action and financial losses in the day to day operation of their business.

The final Dataphase factor requires the court to consider the public interest. Dataphase, 640 F.2d at 114. For obvious reasons, the public interest is not served when courts interfere with the process of the marketplace by stifling free competition and enjoining defendants from pursuing their professional livelihood, especially when less invasive legal remedies appear available at this stage of the litigation.

**CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that plaintiff's motion for a temporary restraining order is denied.

Date: February 22, 2001

David S. Doty, Judge
United States District Court