UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No.01-286 (DSD/SRN)

IKON Office Solutions, Inc.,
a corporation,

Plaintiff,

v. **ORDER**

Robert J. Dale, William J.
Dale, Terry R. Nissen, and
Computer Business Solutions, Inc.

Defendants.

Jeremy D. Sosna, Esq. and Littler Mendelson, 33 Sixth Street South, Suite 3110, Minneapolis, MN 55402-3720 and Lawrence H. Pockers, Esq. and Duane, Morris & Heckscher, One Liberty Place, Philadelphia, PA 19103, counsel for plaintiff.

Jeffrey P. Anderson, Esq., John Fabian, Esq. and Nichols Kaster & Anderson, 80 South Eighth Street Suite 4644, Minneapolis, MN 55402-2242, counsel for defendants.

This matter is before the court on plaintiff's "emergency" motion for reconsideration/modification of injunction pending appeal. The court denies plaintiff's motion for the following reasons.

Pursuant to Local Rule 7.1 (g), motions to reconsider are prohibited except by express permission of the court which will be granted only upon a showing of compelling circumstances. The rule further requires that "requests to make such a motion ... shall be

FILED 5-9-01
FRANCIS E. DOSAL, CLERK
Judgment Ent'd. ________
Deputy Clerk's Initials ______

made by letter to the court of no more than two pages in length." Local Rule 7.1(g).

As an initial matter, the court concludes that plaintiff's motion must be dismissed as procedurally deficient since it does not comply with the local rule. Plaintiff did not seek the express permission of the court by letter in accordance with Local Rule 7.1(g) for leave to file the motion for reconsideration.

Moreover, after reviewing the file and record, the court concludes that even if plaintiff's motion were in procedural compliance with the local rule, no compelling circumstance exists that would justify reconsideration of the matter. See Local Rule 7.1(g). The court has reviewed the Minnesota Supreme Court precedent that plaintiff asserts is controlling. See Bess v. Bothman, 257 N.W.2d 791, 795 (Minn. 1977); Williams v. Thomson, 174 N.W. 307 (Minn. 1919); Holliston v. Ernston, 144 N.W. 415 (1913).[1] Applying this line of authority does not alter the court's conclusions as delineated in the April 17, 2001 order. The court specifically finds that the unmodified restriction in the present dispute is unreasonable since it exceeds the protection necessary to secure any goodwill purchased, it places an undue hardship upon

[1] The court notes that this line of authority expressly recognizes that enforcement of restrictive covenants is "a matter of equitable discretion and should be granted only when neither injury to the public interest nor injustice to the parties will result." Bess, 257 N.W.2d at 795. Furthermore, the Minnesota Supreme Court specifically held that "the district court [has] authority to modify and enforce the covenant not to compete." Id.

the defendants, and it has a deleterious effect on the interests of the general public. See Bess, 257 N.W.2d at 795. Thus, the restriction as modified by this court under Minnesota's "blue pencil" doctrine the April 17, 2001, order strikes a reasonable balance between the protection of plaintiff's goodwill and the avoidance of undue hardship to defendants.

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion is denied.

Dated: May 9, 2001

David S. Doty, Judge
United States District Court