**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**IKON OFFICE SOLUTIONS,**

**Plaintiff,**

**v.**

**ROBERT J. DALE, WILLIAM J. DALE, TERRY R. NISSEN, and COMPUTER BUSINESS SOLUTIONS, INC.,**

**Defendants.**

**Civil No. 01-286 (DSD/SRN)**

**ORDER**

---

Jeremy D. Sosna, Esq., on behalf of Plaintiff Ikon Office Solutions.

John A. Fabian, III, Esq., on behalf of Defendants Robert J. Dale, William J. Dale, Terry R. Nissen, and Computer Business Solutions, Inc.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on June 13, 2001, on a motion by Plaintiff Ikon Office Solutions, Inc. to strike paragraphs 3 and 4 of the Affidavit, and portions of the deposition testimony, of Ronald L. Moersch. IKON filed and served this motion on March 23, 2001, just prior to the hearing on IKON's motion for a preliminary injunction. The Honorable David S. Doty did

FILED JUL 10 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED ______
DEPUTY CLERK'S INITIALS ______

not address IKON's motion to strike portions of the Moersch Affidavit and deposition testimony in his ruling on IKON's motion for a preliminary injunction.[1]

Defendants Robert J. Dale, William J. Dale, Terry R. Nissen, and Computer Business Solutions, Inc., oppose IKON's motion.

The Court notes now, as it did during the oral argument on IKON's motion to strike, that this motion only makes sense when viewed as part and parcel of IKON's motion for preliminary injunction. It seems moot to consider striking portions of Mr. Moersch's affidavit and deposition testimony at this time, as to do so would be to contemplate the issue in a vacuum.

In the event that a future motion to amend, vacate or otherwise alter the preliminary injunction is filed, then, if necessary, the Plaintiff can again raise its motion to strike portions of the Moersch Affidavit and deposition testimony. In the meantime, however, the Court finds that Plaintiff's motion to strike portions of the Moersch Affidavit and deposition testimony is moot, and denies the motion without prejudice.

Based upon the above, and upon all the files, records, and

[1] In an Order dated April 17, 2001, Judge Doty granted in part and denied in part Plaintiff IKON's motion for a preliminary injunction.

proceedings herein,

**IT IS HEREBY ORDERED** that:

1) The Motion by Plaintiff IKON Office Solutions, Inc. to Strike Paragraphs 3 and 4 of the Affidavit, and Portions of the Deposition Testimony, of Ronald L. Moersch (Doc. No. 22) is **DENIED AS MOOT WITHOUT PREJUDICE**.

Dated: July 10, 2001.

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge