**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Ikon Office Solutions, Inc.,**

**Plaintiff,**

**v.**

**Robert J. Dale, et. al.,**

**Defendants.**

**Civil No. 01-286 (DSD/SRN)**

**ORDER**

---

Jeremy D. Sosna, Esq., on behalf of Plaintiff.

John A. Fabian, Esq., on behalf of Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on November 6, 2001, on Plaintiff's Motion to Hold Defendants in Contempt of the Court's Order of April 17, 2001 (Doc. No. 46), Plaintiff's Motion for Leave to Take Limited Discovery in Aid of Potential Contempt of Court Proceedings (Doc. No. 47), and Plaintiff's Motion to Extend Expert Disclosure Deadlines (Doc. No. 54).

This Order addresses those Motions.

## I PLAINTIFF'S MOTION FOR LEAVE TO TAKE LIMITED DISCOVERY IN AID OF POTENTIAL CONTEMPT OF COURT PROCEEDINGS

### A. Factual Background.

On February 14, 2001, Plaintiff filed a Complaint seeking damages and injunctive relief for the following claims: (1) breach of contract, (2) misappropriation of trade secrets, (3) breach

FILED NOV 0 9 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

of the duty of loyalty and fiduciary duty, (4) interference with contractual relations, and (5) unfair competition. On February 15, 2001, Plaintiff filed a motion for a temporary restraining order and preliminary injunction. On February 21, 2001, the Honorable David S. Doty heard Plaintiff's motion. Judge Doty denied the motion with respect to a temporary restraining order, but instructed the parties to conduct discovery on the issue of a preliminary injunction. Consequently, Plaintiff deposed Defendants Robert J. Dale and William J. Dale during the week of March 5, 2001.

**B. <u>Discussion.</u>**

The Federal Rules of Civil Procedure make the following provisions concerning taking multiple depositions of the same individuals:

> A party must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2), if the person to be examined is confined in prison, or if, without the written stipulation of the parties.
>
> (B) the person to be examined already has been deposed in the case;

Fed. R. Civ. P. 30(a)(2).

Despite its title, Plaintiff's motion is in fact a motion to compel. Plaintiff requests that it be permitted to depose Robert Dale and William Dale a second time. Plaintiff states that it conducted the original depositions of these two men pursuant to Judge Doty's instruction that the parties conduct discovery focused on Plaintiff's motion for a preliminary injunction. Because of the limited scope of this discovery, Plaintiff states that it did not seriously question these men concerning the larger merits of the case and the issue of damages. Consequently, Plaintiff states that it is necessary to depose them a second time in order to adequately complete discovery.

Defendants respond that Robert Dale was deposed for more than a full day, and during his deposition Plaintiff inquired into all the issues of the present case, rather than limiting the questioning to the preliminary injunction. In addition, Defendants state that, to date, they have not received notice from Plaintiff to take Robert Dale or William Dale's depositions a second time. Accordingly, Defendants request that if the Dales are deposed a second time, they should not be subjected to questions concerning issues that were already covered during their first depositions.

The Court grants Plaintiff's Motion. Plaintiff will be permitted to depose Robert Dale and William Dale each for one half day. Direct questioning and cross-examination, however, will be limited to questions that were not asked previously during the first depositions. Counsel for both parties are instructed to confer prior to these depositions and determine what issues have not yet been covered. Further, if it is determined after taking these second depositions, that there is a sound basis for also taking a Rule 30(b)(6) deposition, Plaintiff is directed to contact the Court and request an opportunity to do so.

## II PLAINTIFF'S MOTION TO EXTEND EXPERT DISCLOSURE DEADLINES

The June 14, 2001 Pretrial Scheduling Order set the deadlines for disclosure of expert witnesses under Rule 26(a)(2)(A) and full disclosure of expert testimony, required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness as follows:

1. By Plaintiff on or before October 15, 2001;
2. By Defendant(s) on or before November 15, 2001;
3. Rebuttal on or before December 3, 2001.

Plaintiff states that it has not had the opportunity to adequately depose Defendants in order to obtain the information necessary for Plaintiff's experts to prepare their reports. Plaintiff states that the only depositions that have taken place to date, concerned the issue of the preliminary injunction, rather than damages. Moreover, Plaintiff states that Defendants have refused to make Robert Dale and William Dale available for a second set of depositions. Hence, Plaintiff states its experts do not yet possess all the information necessary for completing their reports, and an extension of time is necessary.

In addition, Plaintiff states that the Eighth Circuit required expedited briefing on the cross appeals currently pending before it in this case. Consequently, Plaintiff explains, it was not able to devote the necessary resources to completing discovery.

Defendants respond that Plaintiff has not shown due diligence in pursuing discovery or bringing this motion in a timely fashion. Defendants state that Plaintiff failed to bring its motion for an extension of time prior to the expiration of the original Pretrial Scheduling Order deadlines. Consequently, Defendants state that Plaintiff must demonstrate extraordinary circumstances in order to justify extending the deadline. Defendants maintain that Plaintiff has offered no evidence of such extraordinary circumstances.

Defendants also state that Plaintiff has not shown the good cause required for a timely motion to extend the Court's Pretrial Scheduling Order. Defendants explain that they never received notice from Plaintiffs to take William Dale and Robert Dale's depositions a second time. Instead, Defendants state that the only requests for written discovery that they have received are Plaintiff's requests for admission and documents, served on September 26, 2001. Defendants concede that they received an informal request to depose Robert Dale and William

Dale a second time, and that they refused to make them available. However, Defendants state that Plaintiff requested these depositions in the context of Plaintiff's contempt motion, rather than as depositions for the purpose of determining damages.

The Court grants Plaintiff's motion. The Court acknowledges Defendants' arguments concerning the timing of this motion and the lack of good cause. Plaintiff's counsel did unnecessarily delay the bringing of this motion. Nevertheless, the Court is concerned not to deny Plaintiff the opportunity to produce expert reports. Therefore, the Court will grant an extension which will allow for Plaintiff's experts to compile their damage reports, and will permit adequate time thereafter to prepare summary judgment motions. Both parties are instructed, however, that no further extensions to the Pretrial Scheduling Order will be permitted. An amended Order will be filed separately.

**THEREFORE, IT IS HEREBY ORDERED that:**

(1) Plaintiff's Motion to Hold Defendants in Contempt of the Court's Order of April 17, 2001 (Doc. No. 46) is **WITHDRAWN;**

(3) Plaintiff's Motion for Leave to Take Limited Discovery in Aid of Potential Contempt of Court Proceedings (Doc. No. 47) is **GRANTED;**

(2) Plaintiff's Motion to Extend Expert Disclosure Deadlines (Doc. No. 54) is **GRANTED.**

Dated: November 8, 2001

Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge