UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-286(DSD/SRN)

Ikon Office Solutions, Inc.,

Plaintiff,

v.

**ORDER**

Robert J. Dale, William J. Dale, Terry R. Nissen and Computer Solutions, Inc.,

Defendants.

Jeremy D. Sosna, Esq., Littler & Mendelson, 33 Sixth Street South, Suite 3110, Minneapolis, MN 55402 and Thomas T. Loder, Esq., Lawrence H. Pockers, Esq. and Duane, Morris & Heckscher, One Liberty Place, Philadelphia, PA 19103, counsel for plaintiff.

Jeffrey P. Anderson, Esq., John A. Fabian III, Esq. and Nichols, Kaster & Anderson, 4644 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court on the motions of plaintiff and defendant for summary judgment. For the reasons stated, the court denies both motions.

**DISCUSSION**

**I. Plaintiff's Motion for Summary Judgment**

Plaintiff Ikon Office Solutions seeks summary judgment on its breach of contract claims against defendants Robert Dale and

MAY 2002

FILED ____________
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ____________
Deputy Clerk's Initials ______

Computer Business Solutions, Inc. Plaintiff asserts that it is entitled to summary judgment: (1) as a result of two prior rulings of this court and the Eighth Circuit Court of Appeals; and (2) based upon evidence of defendants' purported "undisputed breach of the core contractual prohibition against the sale or lease of copiers and facsimile machines." (See Pl.'s Mem. at 2.)

The court can only grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material when its resolution affects the outcome of the case. See Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. Id. at 252.

While the court is aware of its previous order and the Eighth Circuit's ruling in this case, the court believes that there is a dispute of material fact regarding whether defendants have breached the clear and unambiguous terms of the non-compete agreement in the course of operating their business. Put differently, the court believes that there is sufficient evidence in this case favoring defendants for a jury to return a verdict for that party. Id. at 249. Accordingly, the court determines that summary judgment is inappropriate and plaintiff's motion must be denied.

## II. Defendants' Motion for Summary Judgment

Defendants move for summary judgment asserting that: (1) they were "wrongfully enjoined" during the period of time that the Eighth Circuit extended the injunction pending plaintiff's appeal;[1] and (2) that the amount of plaintiff's bond is inadequate to cover defendants' alleged damages and should be increased. After carefully reviewing the record and relevant law, the court concludes that defendants' motion for summary judgment must be denied.

This court does not have jurisdiction to declare the extension of the injunction by the Eighth Circuit Court of Appeals to have been "wrong." See 28 U.S.C. § 1292(a)(1). The Eighth Circuit also rejected defendants' appeal regarding the amount of the bond. See Ikon Office Solutions, Inc. v. Dale, No. 01-2055, slip op. at 4 (8th Cir., Oct. 24, 2001). Moreover, the court believes that the bond is adequate in the amount posted in light of the nature of the present controversy. See Fed. R. Civ. P. 65(c)(security shall be posted "in such sum as the court deems proper"); see Corrigan Dispatch Co. v. Casa Guzman, 569 F.2d 300, 306 (5th Cir. 1978)

---

[1] The Eighth Circuit extended this court's injunction pending plaintiff's appeal during the period of June 1, 2001 through October 24, 2001. Ultimately, the Eighth Circuit affirmed the district court's order and the injunction was held to have expired on June 1, 2001, pursuant to this court's application of Minnesota's "blue pencil" doctrine that modified the time period of the noncompete agreement from five years to three years. See Ikon Office Solutions, Inc. v. Dale, No. 01-2055, slip op. at 3 (8th Cir., Oct. 24, 2001).

(holding that amount of security required for the issuance of an injunction is a matter for the discretion of the trial court). Defendants are thus not entitled to summary judgment.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that: (1) plaintiff's motion for summary judgment [Doc. No. 77] is denied; and (2) defendants' motion for summary judgment [Doc. No. 79] is denied.

Dated: May 2, 2002

David S. Doty, Judge
United States District Court